DONALDSON JOSEPH,

Plaintiff,

VERSUS

NASSAU COUNTY CORRECTIONAL FACILITY,

Defendant.

**MEMORANDUM AND ORDER**
May 26, 2016

JOSEPH F. BIANCO, District Judge:

On December 4, 2015, plaintiff Donaldson Joseph (hereinafter, "plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action against defendant Nassau County Correctional Facility (hereinafter, the "NCCF" or "defendant")[1], alleging claims under Section 1983 concerning an incident at the NCCF during which he was sprayed with oleoresin capsicum spray, commonly known as pepper spray or OC spray. Defendant now moves to dismiss pursuant to Rule 12(b)(6).

For the reasons discussed below, defendant's motion is granted.

I. BACKGROUND

A. Factual Background

The following facts are taken from plaintiff's complaint ("Compl.") and are not findings of fact by the Court. Instead, the Court will assume the facts to be true and, for purposes of the pending motion to dismiss, will construe them in a light most favorable to plaintiff, the non-moving party.

Plaintiff alleges the following: "I was in a physical altercation on 10/30/15 . . . . [A]fter the situation was under control, I was sprayed with o/c spray before and while handcuffed. The correctional officer started yelling 'you

---

[1] The complaint also named the "Nassau County Attorney" as a defendant. However, by Order dated December 11, 2015, the Court dismissed without prejudice plaintiff's claim against the County Attorney, as the complaint contained no facts regarding this defendant. (*See* ECF No. 5; *see also Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." (internal quotation marks and citations omitted)).)

n*****s want to act like animals.'"[2] (Compl. at 4.) Plaintiff further asserts that "I've been having serious headaches [and] dizz[i]ness since the altercation[,] along with nightmares and sleepless nights." (*Id.*)

Plaintiff seeks $200,000 for pain and suffering and $100,000 for emotional distress and counseling. (*Id.* at 5.)

Plaintiff's complaint indicates that the NCCF has a prisoner grievance procedure. (*See id.* at 2.) It also states that plaintiff filed a grievance with the NCCF regarding the conduct at issue in the instant action and that he was informed that his grievance had been forwarded to "Internal Affairs" for further review. (*See id.*)

B. Procedural History

Plaintiff commenced this action on December 4, 2015. On January 27, 2016, defendant filed a motion to dismiss plaintiff's complaint. According to the briefing schedule established by the Court, plaintiff's opposition was due on February 29, 2016. However, to date, plaintiff has not submitted an opposition or otherwise communicated with the Court. By letter dated March 9, 2016, defendant requested that this Court treat its motion as unopposed.

II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), setting forth a two-pronged approach for courts deciding a motion to dismiss. The Court instructed district courts to first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 556 U.S. at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Where, as here, the plaintiff is proceeding *pro se*, "a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). A *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

---

[2] At the time plaintiff filed his complaint, he was incarcerated at the NCCF.

In deciding an unopposed motion to dismiss, the Court is to "assume the truth of a pleadings factual allegations and test only its legal sufficiency. Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000) (citation omitted).

### III.   DISCUSSION

#### A.   Liability Under Section 1983

To prevail on a claim under § 1983, a plaintiff must prove that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999).

##### 1.   NCCF Is Not a Suable Entity

Plaintiff names the NCCF as the defendant in his complaint. However, the Nassau County Correctional Facility is an administrative arm of the municipal entity, the County of Nassau, and thus lacks the capacity to be sued as a separate entity. *See Hawkins v. Nassau Cty. Corr. Facility*, 781 F. Supp. 2d 107, 109 (E.D.N.Y. 2011) (holding that the NCCF is not a suable entity); *see also, e.g.*, *Joseph v. Nassau Cty. Corr. Ctr.*, No. 12-CV-4414 JFB AKT, 2013 WL 1702162, at *3 (E.D.N.Y. Apr. 19, 2013) (explaining that entities, like the Nassau County Correctional Center, that are administrative arms of the County of Nassau cannot be sued); *Caidor v. M & T Bank*, No. 5:05-CV-297, 2006 WL 839547, at *2 (N.D.N.Y. Mar. 27, 2006) ("'Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued.'" (quoting *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002))). However, because plaintiff is proceeding *pro se*, the Court will construe plaintiff's complaint as lodged against the municipal entity, the County of Nassau (hereinafter, also "defendant" or the "County"), *see Joseph*, 2013 WL 1702162, at *3, and evaluate whether plaintiff's complaint has sufficiently alleged municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

##### 2.   Municipal Liability

A municipality can only be liable under 42 U.S.C. § 1983 where the "execution of a government's policy or custom . . . inflicts the injury." *Monell*, 436 U.S. at 694. In particular, to establish municipal liability, a plaintiff must demonstrate three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983).

Here, plaintiff has not alleged a policy, or even suggested that one exists, relevant to the alleged conduct in this case. Instead, plaintiff's complaint concerns only allegedly unconstitutional conduct to which *he* was subjected. Thus, even accepting plaintiff's factual allegations as true and liberally construing his amended complaint, his claim against the County must be dismissed.

##### 3.   Individual Liability

"[I]n order to hold that defendant liable in his individual capacity under § 1983," a "plaintiff must establish a given defendant's personal involvement in the claimed violation." *Patterson v. Cty. of Oneida*, 375 F.3d 206, 229 (2d Cir. 2004); *see Iqbal*, 129

S.Ct. at 1948 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987) ("Absent some personal involvement by [a defendant] in the allegedly unlawful conduct of his subordinates, he cannot be held liable under section 1983.").

Here, plaintiff has not even met the minimal pleading requirement of naming any individual defendant, much less identifying his or her personal involvement in the alleged misconduct.[3] Without this basic information, plaintiff's Section 1983 claim cannot stand. *See Morris v. NYC HRA*, No. 13-CV-1845 RRM MDG, 2013 WL 3148664, at *4 (E.D.N.Y. June 19, 2013) ("In order to maintain her claims pursuant to Section 1983, plaintiff must identify individual state actor defendants whom she believes to be responsible for the alleged deprivation of her rights and identify how each of these individuals' actions or omissions caused the alleged deprivation."); *see also Joseph*, 2013 WL 1702162, at *7 (holding that plaintiff failed to state a plausible Section 1983 claim where he did not identify or name any persons acting under the color of state law that committed the alleged violations).

### B. Failure to Exhaust

Defendant argues that, even if plaintiff had properly pled a claim for municipal or individual liability, his complaint must still be dismissed because his claims are barred by the Prison Litigation Reform Act ("PLRA"), which requires that plaintiff exhaust available administrative remedies at the NCCF prior to commencing this action.

### 1. Legal Standard

The PLRA states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). "Prisoners must utilize the state's grievance procedures, regardless of whether the relief sought is offered through those procedures." *Id.* (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Therefore, the exhaustion inquiry requires a court to "look at the state prison procedures and the prisoner's grievance to determine whether the prisoner has complied with those procedures." *Espinal*, 558 F.3d at 124 (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007) and *Woodford*, 548 U.S. at 88-90).

---

[3] Plaintiff does allege that a "correctional officer" yelled "you n*****s want to act like animals." (Compl. at 4.) However, plaintiff does not identify this officer by name. Furthermore, even if plaintiff had properly identified the officer who made this statement, "[i]t is well-settled that verbal harassment and name-calling on the part of prison officials do not constitute actionable constitutional violations." *Barnes v. Cty. of Monroe*, 85 F. Supp. 3d 696, 740 (W.D.N.Y. 2015) (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986)).

Importantly, because exhaustion is not a jurisdictional requirement, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216-17. Rather, "defendants bear the burden of showing non-exhaustion and the 'issue of exhaustion is generally not amenable to resolution by way of a motion to dismiss.'" *Foreman v. Comm. Goord*, No. 02-CV-7089 (SAS), 2004 WL 385114, at *6 (S.D.N.Y. Mar. 2, 2004) (quoting *Nicholson v. Murphy*, No. 02-CV-1815 (MRK), 2003 WL 22909876, at *6 (D. Conn. June 16, 2003)).

Dismissal under Rule 12(b)(6) for failure to exhaust is therefore appropriate only where non-exhaustion is apparent from the face of the plaintiff's complaint. *See, e.g.*, *Martin v. City of New York*, No. 11-CV-600 (PKC), 2012 WL 1392648, at *5 (S.D.N.Y. Apr. 20, 2012) (dismissing due to failure to exhaust that was evident on the face of the complaint). Where non-exhaustion is not clear from the face of the complaint, a defendant's motion to dismiss pursuant to 12(b)(6) is not an appropriate vehicle. *McCoy v. Goord*, 255 F. Supp. 2d 233, 249 (S.D.N.Y. 2003).

2. Application

Here, it is clear from the face of the complaint that plaintiff has failed to exhaust his administrative remedies. Although plaintiff did file a grievance regarding the incident, it is obvious that it has not reached a final resolution. In fact, plaintiff's complaint explicitly states that, at the time he filed the complaint, his grievance was under review by Internal Affairs. (*See* Compl. at 4.)

Thus, as it is apparent that plaintiff has not satisfied the exhaustion requirement under the PLRA before initiating this suit, his complaint must be dismissed. *See, e.g., See Pierre-Louis v. Martinez*, No. 12-CV-2240 NGG LB, 2014 WL 4161960, at *4 (E.D.N.Y. Aug. 19, 2014) (dismissing complaint where it was clear that the plaintiff had failed to exhaust his administrative remedies because he was "still waiting" for a response regarding his grievance at the time he filed his complaint); *Johnson v. Schriro*, No. 12 CIV. 7239 WHP, 2013 WL 5718474, at *3 (S.D.N.Y. Oct. 15, 2013) (dismissing complaint for failure to exhaust because the plaintiff had merely filed an initial grievance but had not completed each step of administrative review, including appeals process); *Rivera v. Anna M. Kross Ctr.*, No. 10-CV-8696 (RJH), 2012 WL 383941, at *7 (S.D.N.Y. Feb. 7, 2012) (dismissing for failure to exhaust where the plaintiff had completed only one step in exhausting his administrative remedies); *see also Nelson v. Deming*, No. 6:13-CV-06252 EAW, 2015 WL 6452386, at *13 (W.D.N.Y. Sept. 30, 2015) ("It is well-settled that 'inmates must actually receive a response from the CORC in order to exhaust administrative remedies.'" (quoting *Wilson v. Gantert,* No. 01-CV-6371 (CJS), 2004 WL 1591400, at *4 (W.D.N.Y. July 12, 2004))).

However, the court notes that compliance with the PLRA's exhaustion requirements is excused where: (1) administrative remedies are not available; (2) defendants have either waived this defense or acted so as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, otherwise justify the prisoner's failure to comply with the exhaustion requirement. *Ruggiero v. Cty. of Orange*, 467 F.3d 170, 175-76 (2d Cir. 2006) (citing *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)).

Plaintiff has not asserted any of these grounds—or anything that could be construed as these arguments—in his pleadings. In fact, it is clear from the

5

complaint that the first exception does not apply, as plaintiff concedes that administrative remedies are available in the form of a grievance procedure at the NCCF. (*See* Compl. at 4.) Nor is there any factual basis in the complaint to support an argument that defendants waived, or should be estopped from, asserting this defense. Likewise, plaintiff has alleged no special circumstances that would justify his failure to comply with all steps of the administrative process. *See Pierre-Louis*, 2014 WL 4161960, at *4 n.3.

        C.      Leave to Amend

Although plaintiff has not requested leave to amend the complaint, the Court has considered whether he should be afforded an opportunity to do so. The Second Circuit instructs that a district court should not dismiss a *pro se* complaint "'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)); *see also Aquino v. Prudential Life & Cas. Ins. Co.*, 419 F. Supp. 2d 259, 278 (E.D.N.Y. 2005). Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999).

As discussed *supra*, plaintiff has failed to assert a plausible Section 1983 claim against any person or persons acting under color of state law. However, in light of plaintiff's *pro se* status, he shall be given the opportunity to correct this deficiency. [4] Additionally, although none of the exceptions to plaintiff's obligation to exhaust his administrative remedies appeared applicable to the complaint as pled, plaintiff shall also be permitted to amend his complaint to allege facts to support an exception.

---

[4] Defendant also alleges that plaintiff has failed to plead a "physical injury" as required by the PLRA. Section 1997e(e) of the PLRA provides that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Defendants argue that plaintiff does not allege that his physical conditions were caused by being sprayed with OC spray as opposed to the altercation itself. If plaintiff files an amended complaint, he should address this issue as well.

6

## IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's complaint is dismissed in its entirety. However, in an abundance of caution, the Court grants plaintiff leave to re-plead. In so doing, plaintiff must attempt to plead *Monell* liability of the County or identify individual defendants and their particular involvement in plaintiff's alleged constitutional deprivation, as well as plead an exception to plaintiff's obligation to exhaust the NCCF's prisoner grievance procedures prior to filing his complaint in this action. Plaintiff must file an amended complaint within thirty (30) days of the date of this Order. Failure to file an amended complaint will result in the dismissal of this action with prejudice, and the case will be closed. If the defendant wishes to make a second motion to dismiss, assuming an amended complaint is so filed, the Court will set a briefing schedule for a second motion at the appropriate time.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: May 26, 2016
Central Islip, NY

\*\*\*

Plaintiff proceeds *pro se*. Defendant is represented by Liora M. Ben-Sorek, Nassau County Attorney's Office, One West Street Mineola, NY 11501.